IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PEARLIE ANN LIVINGSTON                                                                PLAINTIFF

VS.                                        CASE NO. 1:12-CV-1054

CENTRAL ARKANSAS
DEVELOPMENT COUNCIL                                                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Central Arkansas Development Council. (ECF No. 13). Plaintiff has filed a response (ECF No. 20), and Defendant has filed a reply. (ECF No. 23). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff Pearlie Ann Livingston is a former employee of Defendant Central Arkansas Development Council ("CADC"). CADC is a non-profit organization that, among other things, provides non-emergency public transportation to qualified Arkansans. Livingston, an African-American female, age 54, began working for CADC in 2003.

On the morning of December 16, 2010, Plaintiff arrived to work and noticed that Constance Barnes, a CADC van driver, was acting strangely. Livingston did not report the out-of-character behavior at that time. A few minutes later, two co-workers approached Livingston and told her that Barnes had been drinking alcohol and that they could smell it on her breath. Livingston approached Barnes a short time later and told Barnes that she could smell alcohol on her breath. Barnes then admitted to Livingston that she had been drinking alcohol that morning.

Before Livingston alerted any of her superiors to Barnes's condition, Barnes was able to leave the facility in the CADC van and pick up a CADC client. After Barnes left the facility,

Livingston told her co-worker, Gwen Edwards. Edwards and Livingston then reported the incident to another co-worker, Cathey Swoboda. After Swoboda called Barnes and failed to get Barnes to stop the van, Edwards and Livingston notified the manager of transportation, Debbie Bartlett. Bartlett contacted the Pine Bluff Police Department, and Barnes was subsequently pulled over by an officer. She failed a horizontal gaze nystagmus test and a portable breathalyzer test at the scene. For reasons that are unclear to the Court, no charges were brought against Barnes relating to this incident.

After an investigation, CADC claims that it identified six employees who had learned of Barnes's possible intoxication that morning: Plaintiff Pearl Livingston (age 54); Helen Burton (age 55); Cathy Swoboda (age 57); Maria Garcia (age 49); Sue Ellen Castleberry (age 33); and Gwen Edwards (age 53). Plaintiff, Castleberry, Burton, and Swoboda were suspended and subsequently terminated on January 7, 2011 on grounds that they failed to timely notify their respective supervisors of Barnes's possible intoxication. CADC maintains that Edwards and Garcia were not terminated because they reported their concerns about Ms. Barnes to their superiors in a timely manner.

After her termination, Plaintiff filed this suit alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Arkansas Civil Rights Act, ARK. CODE. ANN. § 12-123-101, *et seq.* ("ACRA").

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

DISCUSSION

While CADC maintains that Plaintiff was terminated solely because of her failure to timely report Constance Barnes's alleged intoxication, Plaintiff maintains that her termination was the result of several types of discrimination. First, she claims that the decision was racially motivated because a similarly situated Hispanic employee was not terminated and because she had knowledge of a racial dispute between a co-worker and a CADC manager. Second, Livingston claims that she was retaliated against in violation of the ADA for filing a worker's compensation claim. Third, Plaintiff claims that she was discriminated against on the basis of her age and that she was temporarily replaced by younger workers. The Court will address each of these issues in turn.

### I. Plaintiff's race discrimination claim

Plaintiff alleges that CADC engaged in racial discrimination in violation of Title VII and ACRA. Plaintiff's allegations of racial discrimination are rather confusing, but her claims can best be summarized as follows. Plaintiff states that she had knowledge of a "situation" involving allegations that Debbie Bartlett, a CADC manager, was discriminating against certain Africa-American employees and white employees involved in interracial relationships. Plaintiff does not allege that Bartlett ever treated her in a discriminatory manner or that Bartlett ever made racially insensitive comments to her. Nor does she allege that she ever reported Bartlett or ever participated in any internal or external investigation into Bartlett's behavior. She states that merely being "aware" of the Bartlett "situation" somehow led to her termination. As further evidence of race discrimination, Plaintiff claims that a Hispanic employee, Marcia Garcia, committed the same offense as Plaintiff yet was able to avoid termination.

4

Before discussing the merits of Plaintiff's race discrimination claims, the Court must address whether Plaintiff has complied with the procedural requirements for filing a Title VII and ACRA claim.

### a. Title VII Exhaustion

Title VII requires that before a plaintiff can bring a discrimination claim, "she must file a timely charge with the EEOC or a state or local agency with authority to seek relief." *Richter v. Adv. Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e–5(e)(1). CADC argues that Plaintiff is barred from bringing a Title VII race discrimination claim in this case because she failed to include a claim of race discrimination in her EEOC charge. (ECF No. 15, Exh. 20-21).[1]

Rather than refute CADC's characterization of her EEOC charge, Plaintiff appears to argue that the mere existence of a race discrimination allegation in her Complaint somehow satisfies Title VII's exhaustion requirement. Plaintiff cites absolutely no law for this proposition while choosing to completely ignore the well-established body of law that requires raising a race discrimination claim in an EEOC charge before bringing suit. Because Plaintiff has not administratively exhausted her race discrimination claim pursuant to Title VII, summary judgment in favor of CADC is proper as to this claim.

### b. ACRA statute of limitation

While ACRA does not contain an exhaustion requirement like Title VII, it does carry a strict statute of limitation. Ark. Code Ann. § 16-123-107(c)(3). Employment discrimination claims under ACRA must be brought "within one (1) year after the alleged employment discrimination occurred, or within ninety (90) days of receipt of a 'Right to Sue' letter or a notice

---

[1] Plaintiff's EEOC charge alleges age discrimination and disability discrimination. It also alleges retaliation related to her claim for worker's compensation.

of 'Determination' from the United States Equal Employment Opportunity Commission concerning the alleged unlawful employment practice, whichever is later." *Id*.

As the Court established above, Plaintiff never filed an EEOC charge relating to race discrimination; therefore, no right-to-sue letter that addressed a race discrimination claim was ever issued. Accordingly, the one-year statute of limitation on her ACRA race discrimination claim expired on January 7, 2012—one year from the date of her termination. Plaintiff did not file this suit until June 1, 2012, nearly five months after the limitation period expired. For this reason, summary judgment in favor of CADC is appropriate as to Plaintiff's ACRA race discrimination claim.[2]

**II. Plaintiff's ADEA Claim**

Plaintiff alleges that CADC engaged in age discrimination in violation of the ADEA. Plaintiff's Complaint states that "based on the ages of the people in [Plaintiff's department] who were terminated and those who were retained…age was a factor in the termination decision." (ECF No. 1, par. 26). Her Complaint also alleges that her job duties were reassigned to a substantially younger individual. (ECF No. 1, par. 42).

In response to Plaintiff's allegation about the ages of those terminated and retained, CADC points out that, of the six people who knew about Constance Barnes's condition, only Sue Ellen Castleberry was under 40 years old. Castleberry, Plaintiff, and two others were terminated. Maria Garcia and Gwen Edwards, ages 49 and 53, were retained. CADC argues Castleberry's termination and Garcia and Edwards' retention casts overwhelming doubt on Plaintiff's claim

---

[2] Plaintiff's race discrimination claim would also fail on the merits. Plaintiff allegations of race discrimination, as summarized above, are thread bare. Moreover, of the four individuals fired after the Barnes incident, two were Caucasian and two were African-American. And the two employees who knew about Barnes's condition but managed to avoid termination were Hispanic and African-American. These factors, coupled with CADC's legitimate, non-discriminatory reason for the termination, would preclude Plaintiff from carrying her burden of showing that CADC's reason for her termination was pretextual.

6

that she was somehow singled out because of her age. CADC also disputes that Plaintiff was replaced by a person under forty and claims that Plaintiff's job duties were permanently reassigned to two employees, each over the age of forty.

The ADEA makes it "unlawful for an employer to…discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff's ADEA claim is based upon circumstantial evidence rather than direct evidence, the familiar *McDonnell Douglas* burden-shifting framework is applied. *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 637 (8th Cir. 2011). The burden is on the plaintiff to establish a *prima facie* case of age discrimination by showing (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a substantially younger individual. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). "Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action." *Rahlf,* 642 F.3d at 637. If the employer gives a nondiscriminatory reason for its actions, the plaintiff then has the burden of showing that the employer's stated reason was pretext for discrimination. *Id*. "At all times, the plaintiff retains the burden of persuasion to prove that age was the 'but-for' cause of the termination." *Id*.

### a. *Plaintiff's prima facie case of age discrimination*

It is undisputed that Plaintiff is over 40 and that she suffered an adverse employment action. While CADC maintains that Plaintiff's actions during the Constance Barnes incident made her "unqualified" for the position, the Court will assume for these purposes that Plaintiff was qualified.

7

Plaintiff's *prima facie* case begins to break down when considering the fourth element. She offers little evidence showing that a substantially younger individual replaced her. She summarizes her argument and evidence as follows:

> We know that Ms. Livingston was replaced at least on a temporary basis by a substantially younger worker. In fact at this point, it is the plaintiff's belief that no one has permanently replaced her in her job or the job has been left vacant for a reason. CADC concedes, as Ms. Livingston states, that her position was filled with much younger workers presumably at a lower cost to CADC as part of a grant program. This is proof…that she was replaced by some substantially younger workers.

(ECF No. 21, p. 7). The allegations above are fairly confusing and highly conclusory. While Plaintiff states that these allegations are "proof" that she was replaced by a substantially younger individual, she attaches no supporting evidence or affidavits regarding who replaced her. She also fails to offer any supporting citation for her claim that CADC has conceded that she was replaced by a substantially younger individual on a temporary basis.[3] The only supporting evidence Plaintiff offers for these allegations is a citation to two lines from her deposition regarding younger workers who were hired with grant money in the three years *preceding* her termination. The cited testimony does not allege that these younger workers actually replaced Plaintiff or assumed her job responsibilities. (ECF No. 15, Exh 16, p. 15-21).

While Plaintiff has offered little to no supporting evidence regarding her replacement, CADC has attached an affidavit from Carol Staley, the CADC human resources manager, swearing that no employees were hired to fill Plaintiff's position and that her job duties were transferred to Teresa Harrison, age 50, and Darlene Carter, age 53. (ECF No. 15, Exh. 8).

---

[3] CADC affirmatively denies having made such a concession, and the Court has not found one in the record. CADC's statement of facts does refer to younger employees being hired in the years prior to Plaintiff's termination, but it does not state that Plaintiff was replaced by these younger workers or that they were ever assigned her job duties after her termination. (ECF No. 15, p. 14).

The Court finds that CADC has carried its burden of showing that there is no material question of fact as to whether Plaintiff was replaced by a substantially younger individual. The evidence before the Court points to Plaintiff's job duties being assigned to a person of comparable age shortly after she was terminated. Accordingly, Plaintiff has failed to establish a *prima facie* case of age discrimination.

### b. Pretext

Even if Plaintiff was successful in establishing a *prima facie* case, her ADEA claim would still fail. If a *prima facie* case has been established, CADC must then put forth a legitimate, non-discriminatory reason for Plaintiff's termination. In this case, CADC claims that Plaintiff was suspended and eventually terminated, along with three other employees, for violating CADC policy by failing to report a potentially impaired CADC van driver in a timely fashion. Because a nondiscriminatory reason has been submitted by CADC, Plaintiff must now "'present evidence, that considered in its entirety (1) creates a fact issue as to whether the defendant's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision.'" *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 516 (8th Cir. 2011) (quoting *Wingate v. Gage County Sch. Dist., No. 34*, 528 F.3d 1074, 1079 (8th Cir. 2008)). "[P]roof that the explanation is false is necessary, but not sufficient, to show a pretext for discrimination under the ADEA. In other words, the plaintiff must show that the employer's stated reason was false *and* that age discrimination was the real reason." *Id*. (emphasis added).

As evidence that CADC's reason for her termination was pretextual, Plaintiff submits that she followed proper protocol in reporting Barnes's condition by alerting the proper supervisors to the situation. Plaintiff focuses on the fact that she eventually reported Barnes to

9

Gwen Edwards, a CADC supervisor, and that she and Edwards both reported the incident to Debbie Bartlett, the manager of transportation. Plaintiff notes that she and Edwards reported the incident to Bartlett at the same time, yet Edwards managed to avoid termination.

As CADC points out in response, there is nothing in the record to suggest that CADC terminated Plaintiff for not reporting the incident to the correct person. Rather, CADC maintains that Plaintiff was terminated for *delaying* in reporting the incident to her superiors. Plaintiff does not dispute that she noticed Barnes's condition, spoke to multiple co-workers about it, spoke to Barnes, and then went on to discuss the matter with more co-workers before finally reporting the incident to Debbie Bartlett. Given these undisputed facts, Plaintiff's arguments regarding who she reported the incident to do not cast sufficient doubt on CADC's legitimate, non-discriminatory reason for terminating her.

Because Plaintiff has failed to establish a *prima facie* case of age discrimination and has failed to show that CADC's reason for terminating her was pretextual, summary judgment in favor of CADC as to Plaintiff's age discrimination claim is appropriate.

### III. Plaintiff's ADA claim

Plaintiff claims that CADC discriminated against her on the basis of her disability in violation of the ADA. Plaintiff's alleged disability stems from a knee injury she sustained while at work in 2010. After the injury, Plaintiff filed a Claim for Compensation with the Arkansas Worker's Compensation Commission ("AWCC"). In August 2011, Plaintiff settled her worker's compensation claim against CADC for $1,500.

The Court must note again, unfortunately, that Plaintiff's claim is very unclear. Her Complaint states that she was terminated in retaliation for filing a claim for compensation with the AWCC and that this was a violation of the ADA. In an attempt at more specificity, Plaintiff

states that CADC violated the ADA by failing "to voluntarily provide benefits after plaintiff sustained injuries...." (ECF No. 1, par. 33). Plaintiff's Complaint contains no other facts or allegations relating to violations of the ADA.

While Plaintiff tries to frame her worker's compensation retaliation claim as falling under the purview of the ADA, this is a claim that clearly falls under Arkansas's Worker's Compensation Law, Ark. Code Ann. § 11-9-101. That statute provides that claims for retaliatory discharge in this context must be made to the Arkansas Worker's Compensation Commission. Ark. Code Ann. § 11-9-107.

Plaintiff concedes that worker's compensation retaliation claims are in the exclusive jurisdiction of the AWCC. Nonetheless, Plaintiff attempts to spin this straightforward state law claim into an ADA claim by making distinctions that the Court cannot decipher:

> …Once [worker's compensation retaliation claims] become involved in the ADA and allegations of violations of statute, they stand alone. The violation of the ADA…was retaliation for the filing of the workers' compensation claim. The true reason that she was terminated was the filing of the workers' compensation claim, however, the method used by CADC violated Title VII and the Arkansas Civil Rights Act, and her involvement on the periphery of the Barnes incident was merely a pretextual reason for the termination. It is not a separate claim, but only a motivating factor and the reason she was terminated.

(ECF No. 21, p. 14). The Court has difficulty understanding what Plaintiff was trying to convey in the above statements, and she has offered absolutely no authority for the proposition that her ADA claim should somehow "stand alone" from the worker's compensation retaliation claim. Accordingly, the Court finds no reason to construe Plaintiff's retaliation claim as one arising under the ADA. Summary judgment in favor of CADC as to Plaintiff's disability discrimination claim is appropriate. Plaintiff is free to pursue any viable worker's compensation retaliation claim through the AWCC.

CONCLUSION

For the reasons stated above, the Court finds that summary judgment in favor of CADC is appropriate as to Plaintiff's age, race, and disability discrimination and retaliation claims. Accordingly, the Motion for Summary Judgment (ECF No. 13) should be and hereby is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED**.[4] A Judgment of even date consistent with this Opinion shall issue.

IT IS SO ORDERED, on this 8th day of May, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] Plaintiff's Title VII race discrimination claim is dismissed without prejudice. Plaintiff's ACRA race discrimination claim is dismissed with prejudice. Plaintiff's age discrimination claim is dismissed with prejudice. Plaintiff's disability discrimination claim is dismissed without prejudice.